# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

COMMONWEALTH OF           :
PENNSYLVANIA,              :
      Plaintiff,             :         CIVIL ACTION
                         :
      v.                   :
                         :
TAP PHARMACEUTICAL      :
PRODUCTS, INC., et al.,       :
      Defendants.        :         NO. 06-CV-04514

ORDER

AND NOW, this 22nd day of January 2007, upon consideration of the Motion

(Docket No. 19) of Defendant Dey, Inc. to Stay Plaintiff's Remand Motion Pending Transfer to

the AWP MDL, it is hereby ORDERED that the Motion to Stay (Docket No. 19) is GRANTED.

**Background**

This action, based solely on state law claims, was commenced in state court by the state

of Pennsylvania. The thirty-nine defendants are pharmaceutical companies. Defendants have

previously removed the action to federal court; the case was then remanded to the state court

based on lack of federal subject matter jurisdiction. Pennsylvania v. TAP Pharm. Prods., 415 F.

Supp. 2d 516, 526 (E.D. Pa. 2005) (Sanchez, J.). The case has now once again been removed,

this time with federal subject matter jurisdiction asserted under 31 U.S.C. § 3732 rather than, as

before, under 28 U.S.C. § 1331. But just as before, the defendants, upon removal, have sought

an order from the Judicial Panel on Multidistrict Litigation ("JPML") that this action be

transferred to the District of Massachusetts, to be litigated together with a number of other cases

1

brought by other states in their own state courts alleging violations of their respective state laws based on the same or similar factual allegations. And just as before, following a motion by Pennsylvania to remand, the defendants now move for a stay pending the JPML's decision.

**Discussion**

"The only reason to permit the transferee court to decide the jurisdictional issue would be to further judicial economy and consistency." Meyers v. Bayer AG, 143 F. Supp. 2d 1044, 1049 (E.D. Wisc. 2001). Although on the previous occasion of this action's removal this Court found it appropriate to rule on the motion to remand without awaiting the decision of the JPML, TAP Pharma., 415 F. Supp. 2d at 521, on this occasion the Court is convinced that judicial economy and consistency would best be served by awaiting the decision of the JPML.

In making this finding, the Court is guided by the statement of the Manual for Complex Litigation, that "[w]hen notified of the filing of a motion for transfer . . . matters such as motions to dismiss or to remand, raising issues unique to the particular cases, may be particularly appropriate for resolution before the Panel acts on the motion to transfer." Manual for Complex Litigation (Fourth) § 20.132, at 220-21 (2004) (emphasis added). The pending motion to remand, which raises issues concerning the interpretation of 31 U.S.C. § 3732, does not raise an issue unique to the particular case. For in the other cases removed by Dey from the courts of other states and which Dey seeks to have transferred to the District of Massachusetts, removal, according to Dey, was based "on identical grounds." (Def's Mem. of Law in Supp. of Mot. to Stay 2.)

If the JPML transfers these actions to the District of Massachusetts, then the consideration by all the transferor courts of the heretofore rarely considered statute under which

2

Dey asserts federal jurisdiction, see Wisconsin v. Amgen, Inc., No. 06-C-582-C, at 10 (W.D. Wis. Jan. 16, 2007) (slip opinion) (remanding one of the other cases sought to be transferred to the District of Massachusetts, and noting that "[f]ew courts have wrestled with the meaning of § 3732(b)"), would make for needlessly "duplicative litigation," Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

Not only is a stay justified in the interest of judicial economy, moreover a stay will not prejudice Pennsylvania since the stay is only pending the decision of the JPML. Pennsylvania has notified this Court that the JPML will rule quite soon – on January 25, 2007 – as to whether to transfer the case. As has been noted before:

> The power of a court to stay proceedings is within the discretion of the district court. The power derives from and is incidental to the power of every court to manage the cases on its docket to ensure a fair and efficient adjudication. Gold v. Johns Manville Sales Corp., 723 F.2d 1068, 1077 (3d Cir. 1983). The party seeking the stay must demonstrate a clear case of hardship or inequity if granting that stay would prejudice the non-moving party. Id. at 1076.

Am. Seafood, Inc. v. Magnolia Processing, Inc., Civ. A. Nos. 92-1030, 92-1086, 1992 WL 102762, at *1 (E.D. Pa. May 7, 1992). Here, however, there is no prejudice to Pennsylvania resulting from the grant of the instant Motion.

Wherefore it is hereby ORDERED that the Motion (Docket No. 19) is GRANTED. Consideration of Plaintiff's Motion to Remand is STAYED pending the decision of the JPML on whether to transfer this case to the District of Massachusetts.

BY THE COURT:

/S/LEGROME D. DAVIS
Legrome D. Davis, J.

3

# EXHIBIT B

LEXSEE 2005 U.S. DIST. LEXIS 36803



Positive
As of: Dec 27, 2007

### RITA MCCREREY, Plaintiff, v. MERCK & COMPANY, Defendant.

### Civil No. 04-2576 WQH (WMc)

### UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA

### *2005 U.S. Dist. LEXIS 36803*

### March 2, 2005, Decided
### March 3, 2005, Filed

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff brought a class action lawsuit against defendant company, a manufacturer of the pain prescription drug VIOXX. The company removed the case to federal court. Plaintiff moved to remand based on the company's failure to establish the amount in controversy requirements. The company moved to stay the case pending a transfer decision by the Judicial Panel on Multi-District Litigation.

**OVERVIEW:** The court noted that there were currently hundreds of VIOXX related cases pending against the company nationwide. At least eight of them were pending in California. At least nineteen cases had pending motions to remand. Stays had been entered in over one hundred seventy cases to date. The court determined that judicial economy and consistency would be best served by a stay in the instant case, pending the transfer decision by the Judicial Panel on Multi-District Litigation (MDL). The case involved similar issues of fact and law as those being transferred to the MDL. The court found that neither party would be prejudiced by granting the motion to stay. The court acknowledged the arguments against stay advanced by plaintiff in its motion to remand and reply in support of the motion to remand. However, the court also noted the lack of a formal response being filed in opposition to the motion to stay specifically addressing each of the issues raised in the motion to stay. Furthermore, upon a review of the pleadings, the court found that the jurisdictional issues raised in the motion to re-

mand could be decided either by the MDL, or post transfer decision by the MDL.

**OUTCOME:** The court denied plaintiff's motion to remand. The matter was stayed pending the transfer decision by the MDL.

**LexisNexis(R) Headnotes**

*Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Federal Questions > Well-Pleaded Complaint Rule*
*Civil Procedure > Removal > General Overview*
[HN1] The burden of establishing federal jurisdiction on removal falls on the party seeking removal. Courts strictly construe the removal statute, *28 U.S.C.S. § 1441(a)*, against removal. If the court determines that the removal was improper, *28 U.S.C.S. § 1447(c)* requires remand. Under the well-pleaded complaint rule, a federal question exists only if the basis for federal jurisdiction appears on the face of the complaint. The court will respect a plaintiff's artfully pleaded state law complaint for jurisdictional purposes even if the complaint raises a federal defense, and removal under such circumstances would be improper.

*Civil Procedure > Judgments > Entry of Judgments > Stays of Proceedings > General Overview*
[HN2] The power to stay proceedings is incidental to the power inherent in every court to control the disposition

2005 U.S. Dist. LEXIS 36803, *

of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants. The use of this power requires exercise of sound discretion. Additionally, it is necessary to weigh competing interests of those that will be affected by the stay. These competing interests include: possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. The moving party must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else.

*Civil Procedure > Venue > Multidistrict Litigation*
*Civil Procedure > Judgments > Entry of Judgments >*
*Stays of Proceedings > General Overview*
[HN3] The decision to grant or deny a temporary stay of proceedings pending a ruling on the transfer of the matter to the multidistrict litigation court lies within the court's discretion.

*Civil Procedure > Judgments > Entry of Judgments >*
*Stays of Proceedings > General Overview*
[HN4] The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants. The use of this power requires exercise of sound discretion.

**COUNSEL:** [*1] For RITA MCCREREY, On behalf of herself, on behalf of all others similarly situated adn on behalf of the general public, plaintiff: Spencer C Skeen, Schwartz Semerdjian Haile Ballard and Cauley, San Diego, CA.

For MERCK AND COMPANY, INCORPORATED, --, a New Jersey Corporation, defendant: Michael K Brown, Reed Smith, Los Angeles, CA.

**JUDGES:** WILLIAM Q. HAYES, United States District Judge.

**OPINION BY:** WILLIAM Q. HAYES

**OPINION**

**ORDER**

Pending before the Court is Plaintiff's Motion to Remand and Defendant's Motion to Stay. The Court takes these matters under submission on the papers and

without oral argument pursuant to Civil Local Rule 7.1(d)(1). After considering the arguments raised by the parties in their briefing, the Court now issues the following rulings.

**BACKGROUND**

Plaintiff brings this class action law suit against Merck and Company. Merck and Company manufactured and distributed the pain prescription drug VIOXX from 1999 until September 30, 2004. On September 30, 2004, Merck and Company voluntarily withdrew VIOXX from the market after studies showed "increased relative risks for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking VIOXX [*2]  compared to those taking placebo." D's Opposition to Motion to Remand at 2.

Shortly after VIOXX was taken off the market, a myriad of cases were filed throughout the nation. On November 29, 2004, Plaintiff filed a case in the Superior Court of the State of California for the County of San Diego. Shortly thereafter, Defendants removed the action to Federal Court. Plaintiffs then filed a Motion to Remand based on Defendant's failure to establish the amount in controversy requirements. Defendant opposes. Concurrently, Defendant filed a Motion to Stay the case pending transfer decision by the Judicial Panel on Multi-District Litigation. Plaintiff did not file a Response to the Motion to Stay, but did advance arguments against staying the case in its Motion to Remand and Reply in support of its Motion to Remand.

**STANDARDS OF REVIEW**

**I. Motion to Remand**

[HN1] The burden of establishing federal jurisdiction on removal falls on the party seeking removal. *See Brady v. General Dynamics Corp., 915 F.Supp. 1103, 1105 (S.D. Cal. 1996)* (Brewster, J.) (citing *Redwood Theatres v. Festival Enters., 908 F.2d 477, 479 (9th Cir. 1990)*). Courts strictly construe [*3]  the removal statute, *28 U.S.C. § 1441(a)*, against removal. *Id.* If the court determines that the removal was improper, *28 U.S.C. § 1447(c)* requires remand. *Id.* Under the well-pleaded complaint rule, a federal question exists only if the basis for federal jurisdiction appears on the face of the complaint. *Id. at 1106.* The court will respect a plaintiff's artfully pleaded state law complaint for jurisdictional purposes even if the complaint raises a federal defense, and removal under such circumstances would be improper. *Id.*

**II. Motion to Stay**

[HN2] "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. American Water Works & Elec. Co., 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936).* The use of this power requires exercise of sound discretion. *Id.*

Additionally, it is necessary to weigh competing interests of those that will be affected by the stay. *Id. at 254-255. See CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962)* [*4] ("Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed."); *see also Filtrol Corp. v. Kelleher, 467 F.2d 242, 244 (9th Cir. 1972)* (quoting *CMAX*). These competing interests include: possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, 300 F.2d at 268.* The moving party "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis, 299 U.S. at 255.*

## DISCUSSION

There are currently hundreds of VIOXX related cases pending against Defendant nationwide. At least eight of them are pending in California. At least nineteen cases have pending motions to remand. Stays have been entered in over one hundred seventy cases to date.

[*5] Plaintiff did not file a formal opposition to Defendant's Motion to stay. Instead, Plaintiff argues against entry of a stay and for remand to the state court in its Motion to Remand. Plaintiff argues that Defendant has failed to establish that the amount in controversy requirements have been met. Defendant argues that the amount in controversy requirements are easily met based on Plaintiff's Complaint and prayer for "restitution and/or disgorgement of all revenues it has derived in California,' injunctive and equitable relief, attorneys' fees and costs, and further relief as the Court may deem proper."

Plaintiff cites to *Conroy v. Fresh Del Monte Produce Inc.*, in support of its argument that this Court *must* consider the motion to remand before entering a stay. *325 F. Supp. 2d 1049 (D. Cal., 2004).* The *Conroy* Court finds the approach involving initial resolution of a simple Motion to Remand before consideration of a motion to stay. However, *Conroy* explicitly states that the Ninth Circuit has not adopted the approach Plaintiff claims to be binding. *See Conroy v. Fresh Del Monte Produce Inc., 325 F. Supp. 2d 1049, at 1053 (D. Cal.* [*6], *2004).* Moreover, the *Conroy* Court held that[HN3] "[t]he decision to grant or deny a temporary stay of proceedings pending a ruling on the transfer of the matter to the MDL court *lies within this Court's discretion. Conroy v. Fresh Del Monte Produce Inc., 325 F. Supp. 2d 1049, 1053 (D. Cal., 2004) (emphasis added) citing Landis v. North American Co., 299 U.S. 248, 254-55, 81 L. Ed. 153, 57 S. Ct. 163 (1936); Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 809 (N.D.Cal. 1998).*

Furthermore, in its Order transferring one hundred forty eight VIOXX related cases to the Eastern District of Louisiana, the Judicial Panel on Multi-District Ligation wrote:

> The pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in Section 1407 proceedings. We note that motions to remand . . . can be presented to and decided by the transferee judge. *See, e.g., In re Ivy, 901 F.2d 7 (2d Cir. 1990); In re Prudential Insurance Company of America Sales Practices Litigation, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).*

Defendant argues that judicial economy and the need [*7] for consistent judicial rulings mandates a stay in this action. Defendant argues that the many cases pending against VIOXX include similar questions of fact and law, and Defendant would be prejudiced by a refusal to stay the case. In support of its argument, Defendant filed copies of complaints filed in similar VIOXX actions asking for similar relief. Defendant also argues that discovery will likely be very similar in many of the cases, and that without coordination, potential witnesses could conceivably be called in jurisdictions nationwide. While none of the complaints are identical, each is based on Defendant's role in the production and manufacture of VIOXX.

Additionally, Defendant argues that other District Courts in this Circuit have granted motions to stay even despite a pending motion to remand based on amount in controversy requirements. For example, in *Wright v. Merck & Co Inc*, CV 04-3037-PHX-SRB the Court stated:

> Whether this case satisfies the amount in controversy requirement for jurisdictional purposes and whether class member claims can be aggregated are issues common to many of the cases which will be considered for consolidation by the Judi-

cial Panel on Multi-District [*8] Litigation. While this Court is not required to stay consideration of the Motion to Remand, it concludes that it would be in the best interests of judicial economy and consistency to stay this case until the determination of its transfer by the Judicial Panel on Multi-District Litigation. *Wright v. Merck & Co Inc*, CV 04-3037-PHX-SRB

This Court also finds that judicial economy and consistency will be best served by a stay in this case, pending transfer decision by the Judicial Panel on Multi-District Litigation. The case involves similar issues of fact and law as those being transferred to the MDL. The Court finds that neither party will be prejudiced by granting the Motion to Stay. The Court acknowledges the arguments against stay advanced by Plaintiff in its Motion to Remand and Reply in support of Motion to Remand. However, the Court also notes the lack of a formal Response being filed in opposition to the Motion to Stay specifically addressing each of the issues raised in the Motion to Stay. Furthermore, upon a review of the pleadings, the Court finds that the jurisdictional issues raised in the Motion to Remand can be decided either by the MDL, or post transfer decision [*9] by the MDL.

[HN4] "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*

*v. American Water Works & Elec. Co., 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936)*. The use of this power requires exercise of sound discretion. *Id.* Accordingly, the Court will use its discretion and enter a stay in this action.

## CONCLUSION AND ORDER

The Court finds that for judicial economy and consistency purposes, this matter shall be stayed pending a transfer decision by the Judicial Panel on Multi-District Litigation. Plaintiff's Motion to Remand will be denied, with leave to renew if transfer is denied. If transfer is denied, Plaintiffs shall notify the Court and file a Notice of Renewal within 10 Court days. Accordingly,

**IT IS ORDERED** this matter is hereby **STAYED** pending transfer decision by the Judicial Panel on Multi-District Litigation.

**IT IS FURTHER ORDERED** Plaintiff's Motion to Remand is **DENIED** with leave to renew if transfer is denied.

**IT IS FURTHER ORDERED** if transfer is denied, Plaintiffs shall notify [*10] the Court and file a Notice of Renewal within 10 Court days.

**IT IS SO ORDERED.**

Dated: March 2, 2005

WILLIAM Q. HAYES

United States District Judge

# EXHIBIT C

LEXSEE 2007 U.S. DIST LEXIS 21250



Analysis
As of: Dec 27, 2007

**JEFFREY NIELSEN, Plaintiff, v. MERCK AND COMPANY, Defendant.**

**No. C07-00076 MJJ**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

*2007 U.S. Dist. LEXIS 21250*

**March 15, 2007, Decided**
**March 15, 2007, Filed**

**PRIOR HISTORY:** *In re Vioxx Prods. Liab. Litig., 360 F. Supp. 2d 1352, 2005 U.S. Dist. LEXIS 2527 (J.P.M.L., 2005)*

**COUNSEL:** [*1] For Jeffrey Nielsen, Plaintiff: Bruce C. Fishelman, LEAD ATTORNEY, Timothy J. Wheeler, Greene Broillet & Wheeler LLP, Santa Monica, CA US; Brian J. Panish, Panish Shea & Boyle, LLP, Los Angeles, CA; Geoffrey S. Wells, Attorney at Law, Greene Broillet & Wheeler LLP, Santa Monica, CA US; Pete Kaufman, Troy Alan Rafferty, Levin Papantonio Thomas Mitchell Echsner, Pensacola, FL; Rachael Raymon Gilmer, Levin Papantonio Thomas Mitchell Echsner & Proctor P.A., Pensacola, FL.

For Merck & Company Inc., Defendant: Amanda Jane Murray, LEAD ATTORNEY, California Department of Justice, San Francisco, CA U.S.A; Michael Kevin Brown, Thomas Joonyul Yoo, Reed Smith LLP, Los Angeles, CA; Steven J. Boranian, Tiffany Renee Thomas, Reed Smith LLP, San Francisco, CA.

For McKesson Corporation, Amerisourcebergen Drug Corporation, Defendants: Kanika D. Corley, LEAD ATTORNEY, Morris Polich & Purdy LLP, Los Angeles, CA.

**JUDGES:** MARTIN J. JENKINS, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** MARTIN J. JENKINS

**OPINION**

**ORDER GRANTING DEFENDANTS MERCK & CO., INC.'S MOTION TO STAY AND DISMISSING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR REMAND**

**INTRODUCTION**

Before the Court is Merck & Company, Inc.'s ("Merck") [*2] motion to stay (Docket No. 8), including consideration of Jeffrey Nielsen's ("Plaintiff") motion for remand (Docket No. 9), pending a transfer decision by the Judicial Panel on Multidistrict Litigation ("JPML").

**FACTUAL BACKGROUND**

On February 16, 2005, the JPML issued a transfer order establishing MDL Proceeding No. 1657, entitled *In re VIOXX Products Liability Litigation,* direct that 148 actions that were the subject of motions for coordinated treatment pursuant to *28 U.S.C. § 1407* be transferred for coordinated pretrial proceedings in the U.S. District Court for the Eastern District of Louisiana, before the Honorable Eldon E. Fallon. Since then, the JPML has issued conditional transfer orders transferring numerous additional actions to that MDL proceeding.

On September 21, 2006, Plaintiff filed a complaint in the Superior Court of the State of California, County of Los Angeles against Merck as well as two pharmaceutical distributors. Plaintiff's allegations focus on the alleged increased health risks when taking Vioxx, and whether Defendants knew of these alleged increased risks and failed to disclose them. On January 5, 2007,

2007 U.S. Dist. LEXIS 21250, *

Merck removed the [*3] action to this Court based on diversity jurisdiction, asserting fraudulent joinder of the pharmaceutical distributors. On January 12, 2007, Merck provided notice to the JPML of this matter as a "tag-along" action to MDL Proceeding No. 1657. On February 1, 2007, the JPML issued a conditional transfer order conditionally transferring this case to the MDL proceeding. Plaintiff intends to oppose the conditional transfer order before the JPML.

On January 29, 2007, Merck filed a motion to stay this action pending resolution of its transfer to the MDL proceeding. On February 1, 2007, Plaintiff filed a motion to remand the case to state court.

**LEGAL STANDARD**

The pendency of a conditional transfer order before the JPML "does not affect or suspend orders and pretrial proceeding in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of the court." JPML Rule 1.5. At the same time, a court maintains its inherent power to stay its proceedings. The decision to grant or deny a temporary stay of proceedings pending a ruling on the transfer of the matter to the MDL court lies within this Court's discretion. *Landis v. North American Co., 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936).* [*4] When ruling on a motion to stay, a district court should consider several factors: (1) potential prejudice to the non-moving party if the action is stayed; (2) hardship and inequity to the moving party if the action is not stayed; (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated; and (4) the potential for conflicting rulings. *Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).* Often, deference to the MDL court for resolution of a motion to remand provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system. *Conroy v. Fresh Del Monte Produce, Inc., 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004).*

**ANALYSIS**

Under the circumstances, all the relevant factors point towards staying these proceedings.

First, judicial resources will be conserved by staying this matter and deferring consideration of the remand motion to the MDL court. Defendant's basis for removal to this court is that the pharmaceutical distributor defendants, whose presence in this lawsuit destroys complete diversity, are fraudulently joined. [*5] According to Defendant's assertions, which Plaintiff does not dispute, there are presently dozens of cases already in the MDL originating from California more that involve the same jurisdictional issue -- the fraudulent joinder of these same pharmaceutical distributor defendants. This Court follows the many other district courts in California that have found that the interest of judicial economy therefore favors staying this action pending its transfer to the MDL proceeding.

Second, absent a stay, there would be a significant risk of inconsistent rulings given the number of cases already in the MDL that raise the same jurisdictional question. Judge Fallon has expressed a preference that transferor courts defer rulings on remand motions that present overlapping jurisdictional issues, as Plaintiff's motion does here. (Thomas Decl. Exh. G at 21-22.). Moreover, as described by the JPML in correspondence with this Court dated February 20, 2007, regarding pending remand motions, it may be "especially appropriate" for the transferor court to "wait until the Panel has decided the transfer issue . . . if the motion raises questions likely to arise in other actions in the transferee court and, [*6] in the interest of uniformity, might best be decided there if the Panel orders centralization."

Third, a balancing of the hardships to the parties also favors a stay. Plaintiff does not establish any specific prejudice that would be caused by deferring resolution of the remand question until the MDL court can address it alongside similar cases. There will still be a judicial determination of the "fraudulent joinder" issues if the case is transferred. If it is not, Plaintiff may renew his remand motion here. In contrast, absent a stay, Merck would suffer prejudice from being forced to litigate the same jurisdictional issues in multiple forums.

Plaintiff contends that the Court must first preliminarily consider the merits of the remand motion before even considering a stay, citing *Meyers v. Bayer A.G., 143 F. Supp.2d 1044, 1053 (E.D. Wis. 2001).* However, this Court has previously observed that the *Meyers* approach has not been explicitly adopted by the Ninth Circuit. *Conroy v. Fresh Del Monte Produce, Inc., 325 F. Supp.2d 1049, 1053 (N.D.Cal. 2004)* (J. Armstrong). In any event, a preliminary assessment of the jurisdictional issue presented in Plaintiff's [*7] motion to remand reveals that it is factually and legally complex and cannot easily be disposed of by this Court. In order to rule on Plaintiff's motion, the Court would have to delve in the factual inconsistencies between Plaintiffs' allegations against Merck and Plaintiff's allegations against the distributor defendants. The Court would also have to delve into the legal intricacies of the duty of warn imposed on distributors of prescription drugs under California law. Though Plaintiff points to the order by Judge Chaney in the Vioxx California Coordination Proceeding in an effort to provide a shortcut through such complex issues, that trial court ruling is not binding here and does not eliminate the complexity of the required analysis. The Court also agrees with Merck that Judge Fallon is best

positioned to determine what effect, if any, Judge Chaney's order should have on federal jurisdiction in cases raising a fraudulent joinder question under California law.

## CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS** Merck's motion to stay (Docket No. 8) pending the transfer decision by the JPML.

(2) **STAYS** further proceedings in this action pending the transfer [*8] decision.

(3) **DISMISSES WITHOUT PREJUDICE** Plaintiff's motion to remand (Docket No. 9); and

(4) **VACATES** the March 20, 2007 hearing in this matter.

Plaintiff shall notify the Court of the status of this case after the JPML decides the transfer issue. If this matter is not transferred, the Court shall lift the stay and Plaintiff may renew his motion to remand.

**IT IS SO ORDERED.**

Dated: 3/15/2007

MARTIN J. JENKINS

UNITED STATES DISTRICT JUDGE

# EXHIBIT D

LEXSEE 2006 U.S. DIST LEXIS 16753


Cited
As of: Dec 27, 2007

**DEBORAH SISEMORE, Plaintiff, v. MERCK & COMPANY, INC., PFIZER INC., MCKESSON CORPORATION, and DOES 1 through 100 inclusive, Defendants.**

**NO. CIV. S-06-0082 WBS GGH**

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA**

*2006 U.S. Dist. LEXIS 16753*

**April 5, 2006, Decided**
**April 6, 2006, Filed**

**COUNSEL:** [*1] For Deborah Sisemore, Plaintiff: Clifford Lee Carter, Clayeo C. Arnold, A Professional Law Corporation, Sacramento, CA; Kirk J. Wolden, Law Offices of Clayeo C Arnold, Sacramento, CA.

For Merck & Company, Inc., Defendant: Kevin Michael Hara, Andrea L. McDonald-Hicks, Reed Smith LLP (Oakland), Oakland, CA; Dana A. Blanton, Reed Smith LLP (San Francisco), San Francisco, CA.

For Pfizer, Inc., Defendant: Peter Edward Schnaitman, Tae-Yoon Kim, Tucker Ellis and West, Los Angeles, CA.

**JUDGES:** WILLIAM B. SHUBB, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** WILLIAM B. SHUBB

**OPINION**

*MEMORANDUM AND ORDER RE: MOTION TO REMAND AND MOTION TO STAY*

Plaintiff Deborah Sisemore brought this action in the Superior Court in and for the County of Los Angeles for damages related to her heart attacks allegedly caused by the drugs Vioxx and Bextra. This action was removed to this court on January 12, 2006. Plaintiff now seeks a remand to state court and attorneys' fees incurred in connection with that motion. Defendant Merck opposes the motion to remand and moves the court to stay this case pending transfer to the Eastern District of Louisiana pursuant to *28 U.S.C. § 1407*. Likewise, defendant [*2] Pfizer opposes the motion to remand and moves the court to stay this case pending transfer to the Northern District of California.

Defendant Merck is a pharmaceutical company incorporated and having its principal place of business in New Jersey. Prior to September, 2004, Merck manufactured and marketed Vioxx, a nonsteroidal anti-inflammatory drug ("NSAID") used to treat arthritis and acute pain. However, on September 30, 2004, Merck voluntarily withdrew Vioxx from the market in light of evidence that patients taking the drug experienced cardiovascular complications.

Defendant Pfizer is also a pharmaceutical company, incorporated in Delaware and having its principal place of business in New York. Pfizer manufactures Bextra, another NSAID that competes with Vioxx and allegedly presents similar risks to cardiovascular health. Like Merck, Pfizer has voluntarily withdrawn Bextra from the market.

Multidistrict litigation ("MDL") against Merck, arising from consumption of Vioxx, is currently pending. On February 16, 2005, the Judicial Panel on Multidistrict Litigation ("JPML") consolidated 138 federal cases involving Vioxx and transferred them to the Eastern District of Louisiana. *See* [*3] MDL Panel Docket Nos. 1657 and 1699, CTO-44 and CTO-18 (Mar. 23, 2006). At last count, 3,256 additional Vioxx cases had been transferred there. *Id.* On September 6, 2005, the JPML

2006 U.S. Dist. LEXIS 16753, *

similarly consolidated cases against Pfizer involving Bextra and Celebrex and transferred them to the Northern District of California. *Id.* Five hundred and four additional cases have since been added to that proceeding. *Id.* In cases such as the instant action, where the plaintiff brings claims against both companies, the JPML has elected to sever the claims and, with the permission of the particular district court, assign them to their respective MDL proceeding. *Id.*

Plaintiff's suit is, however, further complicated by plaintiff's inclusion of a third defendant. In addition to Merck and Pfizer, the manufacturer defendants, plaintiff has joined the McKesson Corporation, a California corporation allegedly serving as the state's primary distributor of pharmaceuticals. (Pl.'s Opp'n to Def.'s Mot. to Stay Ex. 2 (Wolden Decl. at 39).) Plaintiff, also a citizen of California, contends that McKesson's involvement in this suit rendered Merck's removal of this action improper.

In response, defendants [*4] move to stay this action in light of an expected decision by the MDL court to transfer this matter. [1] Merck and Pfizer argue that after the transfer is complete, the MDL court will be in the best position to provide a uniform answer to the question presented here: whether McKesson was fraudulently joined for the purpose of defeating diversity jurisdiction.

> 1    Conditional Transfer Order ("CTO") 39 marked this case as potentially transferrable to the MDL proceedings. MDL Panel Docket No. 05-1657 (E.D. La. Dec. 6, 2005) (CTO-39) (docketed Feb. 22, 2006). Plaintiff opposed transfer on February 17, 2006. *Id.* Consequently, actual transfer of this action has been delayed and may yet be defeated. However, according to Merck, "to date, the Panel has rejected each and every motion to vacate a conditional transfer order that it has taken under consideration." (Def.'s Mot. to Stay 5 n.1.)

The power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its [*5] docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936). Moreover, a stay, and deference to the MDL

transferee court, is particularly appropriate when the parties contest issues that are "likely to arise in other actions pending" in the consolidated proceedings. *Conroy v. Fresh Del Monte Produce Inc.*, 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004).

On January 25, 2006, this court issued a stay in *Leeson v. Merck & Co.*, No. 05-2240. That case, which also involved a plaintiff's motion to remand and defendants' motion to stay, is in many respects identical to the instant matter. Significantly, the parties in *Leeson* also disputed whether defendant McKesson had been fraudulently joined, an issue which will determine whether plaintiff's case against defendants Merck and Pfizer will proceed in federal or state court. Plaintiff has not attempted to distinguish this court's order in *Leeson*. Consequently, for the reasons stated in that order, the court will also stay this case. [2]

> 2    *See also Welch v. Merck & Co.*, 2006 U.S. Dist. LEXIS 4432, No. S-05-2267, slip op. at 4 (E.D. Cal. Feb. 3, 2006) (documenting "a recent trend in this court to stay the Vioxx products liability cases against Merck" pending transfer to the MDL court).

[*6] IT IS THEREFORE ORDERED that:

(1) defendants' motion to stay be, and the same hereby is, GRANTED;

(2) plaintiff's motion to remand be, and the same hereby is, DENIED WITHOUT PREJUDICE; and

(3) plaintiff's motion for attorneys' fees and costs be, and the same hereby is, DENIED. [3]

> 3    An order directing "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal" is only warranted when the motion to remand is granted. *See* 28 U.S.C. § 1447 (c).

DATED: April 5, 2006

WILLIAM B. SHUBB

UNITED STATES DISTRICT JUDGE

# EXHIBIT E

Westlaw.

Slip Copy                                                                                    Page 1
Slip Copy, 2006 WL 1214836 (N.D.Cal.)
**(Cite as: Slip Copy)**

▷
Stempien v. Eli Lilly and Co.
N.D.Cal.,2006.
Only the Westlaw citation is currently available.
United States District Court,N.D. California.
Claudia STEMPIEN, et al., Plaintiffs,
v.
Eli LILLY and Company and McKesson
Corporation, Defendants.
**No. C06-1811 TEH.**

May 4, 2006.

Jeffrey M. Tillotson, Lynn Tillotson & Pinker, LLP,
Dallas, TX, for Plaintiffs.
James M. Wood, Colleen T. Davies, James Mark
Neudecker, Reed Smith LLP, Oakland, CA, for
Defendants.

*ORDER GRANTING DEFENDANT'S MOTION TO
STAY AND VACATING PLAINTIFFS' MOTION TO
REMAND*
THELTON E. HENDERSON, District Judge.
**\*1** This matter comes before the Court on (1)
Defendant Eli Lilly and Company's motion to stay
proceedings pending a decision on transfer by the
Judicial Panel on Multidistrict Litigation ("JPML")
and (2) Plaintiffs' motion to remand. The Court heard
oral argument on Defendant's motion on Monday,
May 1, 2006. Plaintiffs' motion has not been fully
briefed, and oral argument on Plaintiffs' motion is not
scheduled until June 12, 2006.

This case was conditionally transferred to
Multidistrict Litigation ("MDL") No. 1596, *In re
Zyprexa Products Liability Litigation,* on April 14,
2006. Plaintiffs informed the Court that they intend to
oppose the conditional transfer order in this case, and
the JPML will therefore allow briefing on the transfer
issue before deciding whether transfer is appropriate.
This Court retains jurisdiction over this matter until
any transfer ruling becomes effective.

After carefully considering the parties' written and
oral arguments on Defendant's motion, the Court
finds a stay of proceedings to be appropriate in this
case. The Court has the inherent power to control its
own docket, including the power to stay proceedings
in the interests of judicial economy.*Landis v. N. Am.
Co., 299 U.S. 248, 254-55 (1936)*. While a

conditional transfer order is pending, the JPML
routinely counsels that courts may rule on any
pending motions, including motions to remand, or
courts may defer ruling on pending motions until
after the JPML has decided the transfer issue. The
JPML advises that the "latter course may be
especially appropriate if the motion raises questions
likely to arise in other actions in the transferee court
and, in the interest of uniformity, might best be
decided there if the Panel orders centralization."*See,
e.g.,* JPML Letter (Reply Ex. G).[FN1]

> FN1. The cited letter does not refer
> specifically to this case but, instead,
> concerns two other Zyprexa cases. However,
> the letter is a form letter that this Court has
> received in other cases under consideration
> by the JPML, including two cases currently
> before the Court involving Zyprexa and
> Seroquel.

In this instance, the Court concludes that judicial
economy warrants a stay of proceedings until after
the JPML decides whether transfer is appropriate.
The parties agree that seven cases involving the
identical question-whether Plaintiffs fraudulently
joined McKesson Corporation as a defendant to
destroy diversity-are pending before courts in this
district, and Plaintiffs do not dispute Defendant's
representation that several other such cases are
pending before other district courts in California.
Moreover, given that this Court continues to receive
new Zyprexa cases filed in federal court, the Court
has no reason to expect that new cases will not be
filed in California state court and subsequently
removed by Defendants to federal court. Thus,
multiple judges will need to decide the jurisdictional
issue presented in this case unless the cases are
ultimately transferred to MDL, where a single judge
will be able to resolve the issue in all cases. Even if
the Court were to grant Plaintiffs' motion to relate all
Zyprexa cases naming McKesson Corporation
pending in this district, judges in other California
districts would nonetheless have to decide the issue,
thus resulting in unnecessarily duplicative litigation,
an inefficient use of judicial resources, and the risk of
inconsistent results.

**\*2** The Court finds that the interests in promoting
uniformity and consistency therefore counsel in favor

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                Page 2
Slip Copy, 2006 WL 1214836 (N.D.Cal.)
**(Cite as: Slip Copy)**

of a stay in this case. This is not a case where the jurisdictional issue is unlikely to be raised in other cases that may be transferred to MDL, nor is it a case where it is clear from a preliminary review of the notice of removal or motion to remand that removal was improper. *See, e.g., Leeson v. Merck & Co.,* No. CIV. S-05-2240 WBS PAN, 2006 U.S. Dist. Lexis 3096, at *8-10 (E.D.Cal. Jan. 25, 2006) (reviewing district court Vioxx cases involving allegations against McKesson and concluding that defendant's "fraudulent joinder arguments are not clearly baseless").

Plaintiffs have also failed to persuade the Court that the potential for delay if this Court issues a stay outweighs the considerations of judicial economy discussed above or the potential hardship to Defendants that would result from failing to stay the case. First, the Honorable Jack Weinstein, the judge presiding over the MDL litigation, has recently issued an order emphasizing expedition of discovery and the ultimate resolution of the Zyprexa litigation, thus undermining Plaintiffs' argument that this case would be significantly delayed if it had to wait for the MDL court to resolve the jurisdictional issue. *In re: Zyprexa Prods. Liab. Litig.,* MDL-1596 (E.D.N.Y. Apr. 10, 2006) (Reply Ex. J). Second, Defendants face considerable hardship if this Court were to decide the remand motion, regardless of whether the Court granted or denied that motion. As one court recently observed in a Vioxx case, if this Court were to deny the motion to remand, the MDL court may nonetheless revisit the issue upon transfer, thus forcing Defendants to relitigate the issue.[FN2]*Leeson,*2006 U.S. Dist. Lexis 3096, at * 15-16. If, on the other hand, this Court were to grant the motion to remand and the MDL court ultimately decided that removal was proper, Defendants would be prejudiced by being forced to litigate this case in state court because remand orders are not appealable. *Id.* at * 16.

> FN2. Plaintiffs acknowledged at oral argument that the case would likely be transferred to the MDL court if their remand motion was denied.

The Court acknowledges that at least one judge in the Central District of California has *sua sponte* remanded a Zyprexa case involving McKesson. *See Sconiers v. Eli Lilly & Co.,* No. CV 06-1466 PA (PJWx), slip op. (Ex. I to Pls.' Mot. to Remand). However, the Court is not without precedent in exercising its discretion to stay proceedings in this

case. In the Vioxx cases, for example, most California district courts, with the exception of those in the Central District of California, either stayed cases pending transfer and allowed the MDL court to resolve the motions to remand or avoided the issue because the cases were transferred to MDL before motions to remand were filed. *Leeson,*2006 U.S. Dist. Lexis 3096, at * 11-12. More recently, Judge William Alsup in this district has routinely stayed all Zyprexa cases as they are filed and, just last week, denied plaintiffs' request for leave to file a motion to remand in a case involving McKesson. *Johnson v. Eli Lilly & Co.,* No. C06-2188 WHA,docket no. 18 (N.D.Cal. Apr. 26, 2006) (Ex. A to Supplemental Decl. of James M. Neudecker). This Court finds the approach followed by Judge Alsup and the majority of California district courts to be more prudent than the Central District's consideration of the jurisdictional issues pending transfer.

*3 Accordingly, and in light of all of the above, the Court GRANTS Defendant's motion to stay and VACATES Plaintiffs' motion to remand without prejudice. If the JPML does not transfer this case to the MDL court, then Plaintiffs may renew their motion to remand before this Court at that time.

**IT IS SO ORDERED.**

N.D.Cal.,2006.
Stempien v. Eli Lilly and Co.
Slip Copy, 2006 WL 1214836 (N.D.Cal.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.