1    DAVID C. ANDERSEN (State Bar No. 194095)
2    THE MILLER FIRM, LLC
3    108 Railroad Avenue
4    Orange, VA 22960
5    Telephone: (540) 672-4224
6    Facsimile: (540) 672-3055
7    Email: dandersen@doctoratlaw.com

8

9    **UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA**
10   **SAN FRANCISCO DIVISION**

11

12                                               Case No. 3:07-cv-05886-MEJ

13                                    :
14   DOROTHY BONE, et. al.            :
15                                    :
16   Plaintiffs,                      :        PLAINTIFF'S REPLY
17                                    :        BRIEF IN SUPPORT
18                                    :        OF MOTION
19                                    :        FOR REMAND
20   v.                               :
21                                    :
22                                    :
23   SMITHKLINE BEECHAM               :        DATE: January 14, 2008
24   CORPORATION                      :        TIME: 2:00 p.m.
25   d/b/a GLAXOSMITHKLINE and        :        COURTROOM: 15
26   MCKESSON CORPORATION             :        JUDGE:  Magistrate Judge Maria-Elena James
27                                    :
28   Defendants_____:
29
30
31         Two    issues    emerge    in    Defendant    SmithKline    Beecham    Corporation    d/b/a

32   GlaxoSmithKline's (hereinafter "GSK") Opposition to Plaintiff's Motion for Remand.  First, is the

33   misassumption that McKesson Corporation is fraudulently joined and thus federal jurisdiction will

34   ultimately prevail. Second, and of primary importance in assessing the weight and credibility of

35   Defendant's position, is the specious argument that judicial economy and efficiency will be served

36   by deferring a ruling of the remand motion pending transfer to the Avandia MDL.  In support of its

position, Defendant asks this Court to read and rely only on GSK's version of the law and ignore the overwhelming authority to the contrary. Plaintiff respectfully asks the Court to perform a detailed and thorough analysis of the issues and find that there is no federal jurisdiction and remand this case to state court.

## I.    ARGUMENT

### a.  Economy, Efficiency, Fairness and Comity Favor Resolution of Federal Jurisdiction in this Court.

In opposition to Plaintiff's Motion to Remand, Defendant reiterates much of the argument initially raised in its Motion to Stay All Proceedings. The focus of this argument is judicial economy and efficiency. Defendant argues that allowing the "transferee court to decide this and the other pending Motions to Remand will conserve the resources of the Court, will ensure consistent rulings, and will not prejudice the Plaintiff to any significant degree." *See* Def's Opp. at 3. Defendant's assertion that this case should be stayed and issues pertaining to jurisdiction should be decided in the federal MDL, ignores the pendency of state actions before this Court and contradicts any argument relating to judicial economy and efficiency.

Currently, eight cases are set for the remand hearing before this Court on January 14, 2008. None of the proceedings transferred to the Avandia MDL involve similar fraudulent joinder issues and there is no hearing date for and pending motion. *See* (Exhibit A; Avandia MDL Docket Report). GSK asks that this Court transfer these cases to another forum for additional briefing and an uncertain hearing date only to face the likely possibility that the cases be remanded back to California state court.  As such, Defendant is merely attempting to delay merits based litigation by having the issue of contested jurisdiction fester in the federal MDL.   This tactic lacks substance and meaningful logic and is directly at odds with the efficiency and economy argument GSK espouses

1    in opposing this Motion to Remand.    Thus, Plaintiff respectfully requests that this Court rule on its

2    Remand Motion and deny GSK's Motion to Stay.

3
4            **b.  McKesson Corporation, as the Distributor of Avandia, is Liable for Plaintiff's**
5                 **Injuries and Therefore is not a Fraudulently Joined Defendant.**
6
7            McKesson Corporation is a sophisticated pharmaceutical distributor, in the direct chain of

8    distribution for Avandia, that knew or should have known of the dangers of Avandia and warned

9    Plaintiff and his physicians of those dangers. Plaintiff's allegation is that McKesson was actively

10   engaged in the distribution, marketing and promotion of Avandia and is not merely a clearinghouse

11   for the drug. *c.f. Barth v. B.F. Goodrich Tire Co*., 265 Cal.App.2d 228 (1st Dist. 1968).

12           What Plaintiff has placed before the Court is a basis for McKesson's liability. The activities

13   and overall knowledge of McKesson place it in a category beyond mere "distributor." Defendant

14   asserts that the allegations against McKesson are "generic" and "conclusory" in a desperate attempt

15   to convince this Court that there was fraudulent joinder. However, even a cursory review of

16   Plaintiff's complaint confirms that there are valid causes of action against McKesson for the

17   distribution and promotion of Avandia. *See Aaroe v. Merck & Co., Inc*., 2005 U.S. Dist. Lexis

18   40744 (C.D. Cal. 2005) (finding the allegations that McKesson distributed the drug throughout the

19   country, Plaintiff ingested the drug, and McKesson knew or should have known of the tortuous

20   conduct, is sufficient to charge McKesson with the wrongful conduct).    While Defendant's

21   arguments, if true, may provide some support for a summary judgment motion, it does nothing to

22   overcome the fact that Plaintiff has met the minimal threshold that there *may* be a sustainable claim

23   against McKesson that could be fleshed out in discovery. *See Plute v. Roadway Package Sys., Inc*.,

24   141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).  Further, issues regarding the sufficiency of a cause

25   of action due to inartful, ambiguous, or technically defective pleading must be resolved in the favor

1  of remand. *Id*. at 1008; *See also Peloza v. Capistrano Unified Sch. Dist*., 37 F.3d 517, 521 (9th Cir.

2  1994); *Little v. Purdue Pharma, LP*, 227 F.Supp.2d 838, 847 (S.D. Ohio 2002).

3      Defendant's reliance on failure to warn cases precluding claims against physicians and

4  pharmacists is also misplaced.  The general rule under California law is that both a manufacturer

5  and a distributor can be strictly liable for injuries caused by a defective product. *Maher v. Novartis*

6  *Pharmaceuticals Corp*., 2007 U.S Dist. Lexis 58984 *7 (S.D. Cal. Aug. 10, 2007); *Bostick v. Flex*

7  *Equipment Co*., 147 Cal.App.4[th] 80, 88 (2007); *Anderson v. Owens-Corning Fiberglass Corp*., 53

8  Cal.3d 987 (1991).  While the California Supreme Court has recognized an exception in strict

9  liability for pharmacists in prescription drug cases, *see Murphy v. E.R. Squibb & Sons, Inc*., 40

10  Cal.3d 672, 681 (1985), it has not addressed liability in prescription drug cases for distributors and

11  other potential defendants in the "commercial chain." *Daly v. General Motors*, 20 Cal.3d 725, 739

12  (1978).  In fact, Defendant has not cited *any* case under California law which creates an exception

13  in strict liability for distributors in prescription drug cases. As such, this Court cannot conclude that

14  it is obvious that the general rule of distributor liability does not apply under the allegations in this

15  case. *See Maher v. Novartis*, 2007 U.S. Dist. Lexis 58984 *12.

16      GSK maintains that Plaintiff's reliance for the principle that a distributor can be liable for

17  failure to warn claims involving prescription drugs are derived from a "single judge in the Central

18  District of California" and "do not represent correct applications of California law." See Def's Opp.

19  at 9:9-12.  This is simply not true.  GSK fails to acknowledge that a number of courts have

20  concluded that a distributor defendant was not fraudulently joined because a distributor could

21  possibly be liable for failure to warn in prescription drug cases under California law. *See Maher v.*

22  *Novartis*, 2007 U.S. Dist. Lexis 58984 (S.D. Cal. Aug. 10, 2007); *Martin v. Merck & Co. Inc.*, 2005

23  U.S. Dist. Lexis 41232 (E.D. Cal. Aug. 17, 2005); *Becraft v. Ethicon*, 2000 U.S. Dist. Lexis 17725

1    (N.D. Cal. Nov. 2, 2000); *McCabe v. General Foods Corp.*, 811 F.2d 1336 (9th Cir. 1987); *Aaron v.*

2    *Merck & Co. Inc.*, 2005 U.S. Dist. Lexis 40745 (C.D. Cal. July 26, 2005); *Black v. Merck & Co.*

3    *Inc.*, 2004 U.S. Dist. Lexis 29860 (C.D. Cal. Mar. 3, 2004).

## II.    CONCLUSION

GSK has failed in every category necessary to sustain removal. Plaintiff has stated viable causes of action against Defendant McKesson Corporation for the injuries he sustained from his ingestion of Avandia. If anything, GSK has set forth an argument for summary judgment without the benefit of any discovery. That is not what the Plaintiff has to defend when the burden of proof is on Defendant and there is a strong presumption against removal jurisdiction. Therefore, Plaintiff respectfully requests this Court grant the Motion to Remand.


Dated: December 28, 2007

                                    Respectfully submitted,


                                    _____/s/_____
                                    David C. Andersen (Bar No. 194095)
                                    THE MILLER FIRM, LLC
                                    Attorneys for Plaintiff
                                    108 Railroad Avenue
                                    Orange, VA 22960
                                    Phone: (540) 672-4224
                                    Fax: (540) 672-3055
                                    Email:dandersen@doctoratlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 28, 2007, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF)

to the following:


Donald. F. Zimmer
Krista Cosner
Drinker Biddle & Reath LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105



Dated: December 28, 2007

Respectfully submitted,


_____/s/_____
David C. Andersen (Bar No. 194095)
THE MILLER FIRM, LLC
Attorneys for Plaintiff
108 Railroad Avenue
Orange, VA 22960
Phone: (540) 672-4224
Fax: (540) 672-3055
Email:dandersen@doctoratlaw.com

1
2
3
4
5

Plaintiff's Reply in Support of Motion to Remand

Plaintiff's Reply in Support of Motion to Remand